UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA, TENNESSEE

| | |
|---|---|
| DEBORAH J. LEE )<br>    Plaintiff )<br>)<br>v. )<br>)<br>JO ANNE B. BARNHART, )<br>Commissioner of Social Security )<br>    Defendant ) | 1:01-cv-169<br>Judge Collier/Carter |

## REPORT AND RECOMMENDATION

On June 14, 2001, plaintiff, acting *pro se,* filed a complaint seeking review of the action of the Commissioner of Social Security denying her disability benefits (Doc. No. 3). On December 9, 2002, this case was remanded to the Commissioner for further administrative proceedings (Doc. No. 13). A motion to reopen the case was filed on November 1, 2005 (Doc. No. 16), and an answer and the record were filed (Doc. Nos. 17, 18). The Court entered an order requiring plaintiff to file a dispositive motion by January 23, 2006 (Doc. No. 19). The plaintiff did not file a dispositive motion and, subsequently, on February 9, 2006, the undersigned Magistrate Judge entered a SHOW CAUSE order (Doc. No. 20) directing the plaintiff to file a dispositive motion by March 9, 2006, or show cause why her case should not be dismissed for failure to prosecute. The plaintiff has not responded in any way to the Show Cause order.

Although pleadings of a *pro se* litigant are to be liberally construed, the Court must and will require that duly set deadlines be followed. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Dismissal of an action is appropriate where a *pro se* litigant fails to comply with a readily comprehended deadline despite sufficient opportunity to do so. *See Jourdan*, 951 F.2d at 110 (dismissal of *pro se* litigant's case affirmed where litigant had asked for and received two

1

extensions in which to file a dispositive motion but still failed to do so.)

In the instant case, plaintiff bears the burden to show the Commissioner's decision to deny her benefits is not support by substantial evidence. *Barnes v. Secretary, Health and Human Servs.*, 743 F.2d 448, 449 (6th Cir. 1984); *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980); *Hephner v. Mathews*, 574 F.2d 359, 361 (6th Cir. 1978). Plaintiff has been given two opportunities in the form of a dispositive motion to explain to the Court why she believes the Commissioner's decision to deny her benefits was in error. She was also warned in the recent Show Cause order that failure to file a dispositive motion or explain to the Court why such a motion had not been filed could result in dismissal of her action. Nevertheless, she has made no response whatsoever to the Court's two orders establishing deadlines for dispositive motions. It appearing that plaintiff does not intend to pursue her case, it is RECOMMENDED that plaintiff's action be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).[1]

                                                          s/William B. Mitchell Carter
                                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).